# United States Court of Appeals
# for the Fifth Circuit

————————

No. 26-40181
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2026

Lyle W. Cayce
Clerk

Mohammad G. Abas,

*Plaintiff—Appellant*,

*versus*

City of Plano; Plano Police Department; Russell
Harris, *Officer #1*; Jamaal Kemp, *Officer #2*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:25-CV-400

———————————————————————

Before Willett, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Mohammad G. Abas sued the City of Plano, Plano Police Department, and Officers Russell Harris and Jamaal Kemp, alleging that the Officers violated his Fourth and Fourteenth Amendment rights during an incident that occurred on October 1, 2022. The district court dismissed Abas' claims because he filed suit on April 16, 2025, outside the statute of limitations. Abas

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appealed, arguing that the statute of limitations should be equitably tolled because he relied on his criminal defense attorney's advice to wait to bring a civil suit until Abas' criminal proceedings relating to the October 1, 2022 incident were completed.

Abas' appellate brief did not contain a single citation to the record nor any authority supporting his argument. *See* Fed. R. App. P. 28(a)(8)(A) (requiring argument to contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Abas therefore forfeited his argument by failing to adequately brief it on appeal. *Norris v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017).

And even if Abas had preserved his argument, the district court did not err in dismissing his claims with prejudice because they were barred by the statute of limitations. Texas' two-year personal injury limitations period applied to Abas' § 1983 claims. *See Madis v. Edwards*, 347 F. App'x 106, 107–08 (5th Cir. 2009). Abas acknowledges that his suit was not timely but argues that the limitations period should be equitably tolled. Because Texas law supplies the statute of limitations, Texas's equitable tolling principles apply. *Id.* at 108.

Under Texas law, "equitable tolling is unavailable if it is inconsistent with the text of a relevant statute." *Levinson Alcoser Assocs., L.P. v. El Pistolón II, Ltd.*, 670 S.W.3d 622, 627 (Tex. 2023) (citation modified). The Supreme Court of Texas "has invoked equitable tolling sparingly" and even when allowing tolling, "ha[s] emphasized its limited scope." *Id.* at 628. Equitable tolling may apply when the plaintiff "was induced or tricked by his adversary's misconduct into allowing [the] filing deadlines to pass." *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.); *see also Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) (recognizing

No. 26-40181

that equitable tolling may apply when a defendant fraudulently conceals wrongdoing). But Abas does not allege fraudulent concealment by the defendants. Rather, he argues that his criminal defense attorney advised him to delay in filing suit. We have found no Texas caselaw tolling limitations because a plaintiff delayed filing suit based on the advice of an attorney or some other similar circumstance. *See Levinson Alcoser Assocs.*, 670 S.W.3d at 630 (when analyzing equitable tolling, declining to consider a person's lack of notice of the filing requirements because litigants are presumed to know the law). In all, the equities do not point in favor of tolling the statute of limitations.

AFFIRMED.